# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 20-50804
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMIAH YBARRA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-523-1

Before JONES, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jeremiah Ybarra, federal prisoner # 55024-280, moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his motion for reconsideration of the denial of his emergency motion for compassionate release, which the district court construed as arising under 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50804

U.S.C. § 3582(c)(1)(A).  The district court denied the motion to reconsider on the merits after considering the 18 U.S.C. § 3553(a) factors and the Sentencing Commission's applicable policy statements.  He also moves this court for leave to submit exhibits in support of his appellate brief and for compassionate release.

By moving to proceed IFP in this court, Ybarra challenges the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  We may dismiss the appeal if it is apparent that it would be frivolous.  *Baugh*, 117 F.3d at 202 n.24; *see* 5TH CIR. R. 42.2.

Ybarra challenges his conviction and sentence, as well as the district court's denials of other unrelated motions.  He also argues that he exhausted his administrative remedies before filing his motion for compassionate release.  Additionally, he contends that there are extraordinary and compelling reasons for his compassionate release because (1) the failure to contain the COVID-19 pandemic in prison facilities presents a danger to his health, and (2) his father is in need of his care.  He notes that he successfully completed his pretrial release in 2010 and did not have a history of flight from or of eluding law enforcement.

Section 3582(c)(1)(A)(i), as amended by the First Step Act, states that a district court may reduce a prisoner's term of imprisonment upon motion of either the director of the Bureau of Prisons or a prisoner, if, after considering any relevant § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

No. 20-50804

§ 3582(c)(1)(A)(i). Ybarra's arguments do not demonstrate that the district court abused its discretion in denying his motion to reconsider the denial of his § 3582(c)(1)(A) motion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). Because Ybarra has failed to show that his appeal involves a nonfrivolous issue, his IFP motion is DENIED, and this appeal is DISMISSED. *See Howard*, 707 F.2d at 220; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. All remaining outstanding motions are DENIED.